UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| IVAN CALHOUN, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case Nos. 1:03-cr-178 / 1:07-cv-161 |
| | ) | Judge Edgar |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

Federal prisoner Ivan Calhoun ("Calhoun") has made a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 which is opposed by the United States. After reviewing the record, the Court concludes that the motion is without merit. For the reasons expressed by the government in its response, the motion must be denied. The record conclusively shows that Calhoun is not entitled to relief under 28 U.S.C. § 2255. There is no need for an evidentiary hearing.

**I.    Standard of Review**

28 U.S.C. § 2255(a) provides that a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the federal district court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by federal law, or is otherwise subject to collateral attack.

To obtain post-conviction relief under 28 U.S.C. § 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence was imposed outside the federal statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491,

496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

To warrant relief under § 2255 based on an alleged constitutional error, Calhoun bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To warrant relief under § 2255 based on an alleged non-constitutional error, Calhoun bears the burden of establishing that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Watson*, 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

An evidentiary hearing is unnecessary if the there are no material issues of fact in dispute or if the record conclusively shows that Calhoun is not entitled to relief under § 2255. An evidentiary hearing is not required if the Calhoun's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact. *Amr v. United States*, 280 Fed. Appx. 480, 485, (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Cordell v. United States*, 2008 WL 4568076, * 2 (E.D. Tenn. Oct. 14, 2008).

Calhoun bears the burden of articulating sufficient facts to state a viable claim for relief under 28 U.S.C. § 2255. Mere vague conclusory assertions which are not substantiated by

allegations of specific facts with some probability of verity are not enough to warrant an evidentiary hearing. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and thereby fails to state a viable claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *Ryals v. United States*, 2009 WL 595984, * 5 (E.D. Tenn. March 6, 2009); *Stamper v. United States*, 2008 WL 2811902, * 1 (E.D. Tenn. July 18, 2008).

A § 2255 motion is not a substitute for a direct appeal and cannot do service for a direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Frady,* 456 U.S. 152, 167-68 (1982); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). Calhoun cannot use a § 2255 motion to relitigate the same issues that were fully, fairly presented and decided in his direct appeal to the Sixth Circuit Court of Appeals. Issues which are fully, fairly presented and considered on direct appeal may not be relitigated in a § 2255 proceeding absent exceptional circumstances or an intervening change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996).

## II.   Facts and Procedural History

On May 30, 2003, police officers in Bradley County, Tennessee, conducted a search of Calhoun's residence on Terrace Avenue in Cleveland, Tennessee, pursuant to a search warrant. During the search the officers found and seized about one ounce of methamphetamine mixture and about $20,000 in cash. There were also drug trafficking ledgers located in the home as well as one ledger on the person of Calhoun.

Calhoun was home and present at the time of the search. Police officers advised Calhoun

of his *Miranda* rights. Calhoun waived his *Miranda* rights and made voluntary, incriminating statements. Calhoun stated that he had been receiving four ounces of methamphetamine per week for about four months from a source in Polk County, Tennessee. Four ounces per week for four months results in a total of 64 ounces of methamphetamine. Calhoun admitted that he had conspired with other persons to distribute methamphetamine.

On August 13, 2003, the federal grand jury returned a two-count indictment. Count One of the indictment charges that from in or about February, 2003, to on or about May 30, 2003, Calhoun and other persons conspired to distribute in excess of fifty grams of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. Count Two charged that on or about May 30, 2003, Calhoun possessed with intent to distribute a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1).

On December 2, 2003, Calhoun executed a plea agreement. The plea agreement provides that Calhoun would plead guilty to Count One and the government would dismiss Count Two. On the same day Calhoun appeared in open court and entered a knowing, voluntary plea of guilty to Count One of the indictment.

The presentence investigation report (PSR) calculated that Calhoun's base offense level was 34. Calhoun had two prior felony drug convictions under Tennessee state law in the Bradley County Criminal Court. On December 5, 1995, Calhoun pleaded guilty and was convicted on a felony charge of possession of a controlled substance for resale. On January 3, 1996, Calhoun pleaded guilty and was convicted on another felony charge of possession of a controlled substance for resale. The PSR states that Calhoun was represented by counsel in both cases. Based on these two prior felony drug convictions, Calhoun qualified for sentencing under U.S.S.G. § 4B1.1 as a career offender. After a three-level reduction for acceptance of responsibility, Calhoun's total offense level

was 34.

If Calhoun had not been a career offender, his criminal history category would have been II. But as a career offender, his criminal history category was IV. With a criminal history category IV and a total offense level of 34, the resulting guideline range was 262 to 327 months imprisonment. On March 5, 2004, this Court initially sentenced Calhoun to a term of imprisonment for 262 months. Calhoun too a direct appeal to the Sixth Circuit Court of Appeals. The Sixth Circuit remanded the case for re-sentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005).

On remand at the *Booker* re-sentencing hearing on April 1, 2005, Calhoun was present and represented by counsel. The Court started off the hearing by stating that the PSR found Calhoun to be a career offender under U.S.S.G. § 4B1.1, and that with a criminal history category IV and a total offense level of 34, the guideline range was 262 to 327 months imprisonment. The Court directly asked Calhoun whether he contested the validity of his prior felony drug convictions set forth in the PSR and Calhoun personally answered, "No, sir." [Transcript of Re-sentencing Hearing on April 1, 2005, p. 2]. Thus, Calhoun represented to the Court that he did not challenge or dispute the validity of his two prior felony drug convictions the Court relied on to determine that he qualified for sentencing under U.S.S.G. § 4B1.1 as a career offender.

Calhoun's counsel then proceeded to make arguments seeking a downward departure from the career offender guidelines range, or, in the alternative, a downward variance based upon Calhoun's criminal history. Defense counsel pointed out that Calhoun had only three criminal history points from the two prior Tennessee state felony drug convictions that occurred several years before Calhoun's arrest in this federal criminal case. Defense counsel pointed out that Calhoun was addicted to methamphetamine which led to his criminal conduct and he needed drug treatment. Defense counsel further argued that the sentencing factors in 18 U.S.C. § 3553(a) would be satisfied

by a sentence of imprisonment of 120 months, the statutory minimum.

The Court observed that Calhoun had both used and distributed methamphetamine. The Court asked if defense counsel was asking the Court to ignore the application of the career offender guideline, U.S.S.G. § 4B1.1. When defense counsel answered "Yes," the Court asked defense counsel to give a reason why the Court should do so. Defense counsel responded that a sentence of imprisonment for 22 years (264 months) was "much too severe" and he did not think that the Sentencing Commission was considering an individual like Calhoun with only three criminal history points when it adopted the career offender enhancement.

After considering the record and defense counsel's arguments, the Court concluded that it could not entirely ignore the career offender guideline. The Court decided to sentence Calhoun to a "non-guidelines" sentence of 238 months imprisonment. This was 24 months less than the sentence of 262 months imprisonment previously ordered by the Court. On August 9, 2005, this Court entered an amended judgment of conviction [Doc. No. 39] sentencing Calhoun to a term of imprisonment for 238 months and supervised release for a term of 8 years.

Calhoun took a direct appeal from the amended judgment of conviction and sentence to the Sixth Circuit Court of Appeals. Calhoun challenged the validity of his guilty plea and the length of his sentence of imprisonment. On June 16, 2006, the Sixth Circuit Court of Appeals affirmed the amended judgment of conviction and dismissed the appeal. [Doc. No. 45]. The Sixth Circuit determined that Calhoun had entered a knowing, voluntary guilty plea and the District Court complied with Fed. R. Crim. P. 11 in taking the guilty plea. The Sixth Circuit also determined that the sentence of imprisonment is reasonable.

## III.  Claims in § 2255 Motion

Calhoun makes two claims that his right to effective assistance of counsel guaranteed by the

Sixth Amendment to the United States Constitution was violated.

**A.** *Strickland* **Test**

The Sixth Amendment provides that in all criminal prosecutions the accused shall have the right to assistance of counsel for his defense. Ineffective assistance of counsel in violation of the Sixth Amendment occurs when an attorney's deficient performance causes actual prejudice to the criminal defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000); *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

The Supreme Court in *Strickland* established a two-part test for deciding Sixth Amendment claims of ineffective assistance of counsel. First, Calhoun must establish that his attorney's performance was deficient. Second, Calhoun is required to demonstrate that his counsel's deficient performance prejudiced his defense by depriving Calhoun of a fair criminal proceeding. *Strickland*, 466 U.S. at 687; *Short*, 471 F.3d at 691; *Sowell*, 372 F.3d at 836-37; *Griffin*, 330 F.3d at 736; *Smith v. Mitchell,* 348 F.3d 177, 199 (6th Cir. 2003); *Mason v. Mitchell,* 320 F.3d 604, 616 (6th Cir. 2003); *Wickline v. Mitchell,* 319 F.3d 813, 819 (6th Cir. 2003); *Skaggs*, 235 F.3d at 267.

The first part of the *Strickland* test requires Calhoun to show that his attorney's representation was deficient in that it fell below an objective standard of reasonableness. Calhoun must show that his attorney made such serious errors that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687-88; *Short*, 471 F.3d at 691; *Sowell*, 372 F.3d at 836; *Wickline,* 319 F.3d at 819; *Carter v. Bell*, 218 F.3d 581, 591 (6th Cir. 2000); *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995).

The Court's scrutiny of the reasonableness of defense counsel's performance is highly deferential. Counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90 (strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance); *Short*, 471 F.3d at 691; *Sowell*, 372 F.3d at 837; *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Mason,* 320 F.3d at 616-17; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 268; *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84; *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994). Strategic choices made by an attorney after thorough investigation of the relevant facts and law are virtually unchallengeable. Strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgment supports the limitation or restriction placed on the investigation. Defense counsel has duty to make a reasonable investigation under the circumstances or to make a reasonable decision that a particular investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Skaggs*, 235 F.3d at 268.

The second prong of the *Strickland* test requires Calhoun to show also that his attorney's deficient performance caused actual prejudice to his case. *O'Hara*, 24 F.3d at 828; *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993). The prejudice component focuses on the question whether counsel's deficient performance renders the result of the criminal proceeding unreliable or fundamentally unfair. *Lockhart*, 506 U.S. at 372; *Skaggs*, 235 F.3d at 270. The Court must determine whether the performance of Calhoun 's counsel was so manifestly deficient and ineffective that defeat was snatched from the hands of probable victory. *West*, 73 F.3d at 84; *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

To satisfy the prejudice element, Calhoun must show there is a reasonable probability that,

but for the errors and deficient performance of his attorney, the result of the criminal proceeding would have been different and more favorable to Calhoun. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Strickland*, 466 U.S. at 693-94; *Campbell*, 364 F.3d at 730; *Griffin*, 330 F.3d at 736; *Mason,* 320 F.3d at 617; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 270-71; *Carter*, 218 F.3d at 591; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

### B. First Claim: Defense Counsel Did Not Seek Downward Departure in Sentencing Under U.S.S.G. § 4B1.3

Calhoun claims that his counsel was ineffective for not seeking a downward departure in sentencing under U.S.S.G. § 4B1.3 for his "minor" prior felony drug convictions that were used to enhance his sentence as a career offender. Calhoun alleges that prior to sentencing he requested his counsel to seek a downward departure under U.S.S.G. § 4B1.3 for the "two minor drug charges used by the Court to over-represent his criminal livelihood." It is alleged that counsel ignored this request. Calhoun contends that if his counsel had sought such a downward departure the Court would likely have granted a reduction in the sentence of imprisonment pursuant to § 4B1.3. Calhoun asserts that his two prior convictions were minor in that one conviction was for possession of 5 grams and the other was for possession of 14 grams of illegal narcotic drugs.

This ineffective assistance of counsel claim fails for the following reasons. U.S.S.G. § 4B1.3 provides: "If the defendant committed an offense as part of a pattern of criminal conduct enggaed in as a livelihood, his offense level shall be not lees than 13, unless § 3E1.1 (Acceptance of

Responsibility) applies, in which event his offense level shall not be less than 11."

The plain language of § 4B1.3 contradicts Calhoun's downward departure claim. U.S.S.G. § 4B1.3 is in not a downward departure provision. Rather, it is designed to enhance a sentence. Section 4B1.3 provides a minimum offense level in cases where the offense level would otherwise be lower. U.S.S.G. § 4B1.3 is not applicable to Calhoun's case, and it could not have resulted in a downward departure and reduction in Calhoun's sentence of imprisonment. There was no legitimate reason or basis for Calhoun's counsel to raise an argument for a downward departure in Calhoun's sentence pursuant to § 4B1.3. If Calhoun's counsel had raised such an argument it would have been denied as frivolous. The United States Constitution does not require defense counsel to raise frivolous defenses or arguments to avoid a charge of ineffective assistance of counsel. *Richards v. Million*, 76 Fed. Appx. 597, 600 (6th Cir. 2003); *Chapman v. United States*, 74 Fed. Appx. 590, 593 (6th Cir. 2003); *Krist v. Foltz*, 804 F.2d 944, 446-47 (6th Cir. 1986).

To the extent Calhoun argues that his counsel at the *Booker* re-sentencing hearing failed to request a downward departure or variance in the sentence on the theory that Calhoun's prior felony drug convictions were "minor" and his criminal history category IV "over-represented" the seriousness of his prior convictions, this argument fails. Calhoun mischaracterizes his two prior felony drug convictions as merely involving possession of controlled substances. Calhoun actually pleaded guilty and was convicted in the Tennessee state court on charges of possession of drugs for resale. Calhoun's two prior felony drug convictions involved possession of controlled substances that he planned to sell or distribute.

Moreover, the transcript of the *Booker* re-sentencing hearing on August 1, 2005, shows that defense counsel zealously argued in favor of a sentence reduction for several reasons. One argument by defense counsel was that Calhoun was not a major drug dealer making a lot of money, and

Calhoun did not have a firearm or engage in violence against other persons. Defense counsel argued that based on Calhoun's criminal history, a sentence within the career offender guideline range would be much too severe. The Court found defense counsel's arguments partially persuasive and the Court imposed a below-the-guidelines sentence of 238 months imprisonment. Based on the record, the Court finds that Calhoun was not deprived of his Sixth Amendment right to the effective assistance of counsel.

### C. Second Claim: Defense Counsel Did Not Challenge Validity of Two Prior Felony Drug Convictions

Calhoun's second claim is that defense counsel was ineffective for failing to collaterally attack and challenge Calhoun's two prior felony drug convictions as unconstitutional. Calhoun contends that his counsel refused to comply with Calhoun's request to challenge the two prior convictions that were relied on by this Court to sentence him as a career offender. Calhoun argues that the prior felony convictions should have been challenged on the grounds that they were the result of involuntary guilty pleas, there was a change in Tennessee state law concerning the drug amounts, and the attorney representing Calhoun in the Tennessee state court cases was ineffective.

This ineffective assistance of counsel claim is without merit. This Court properly sentenced Calhoun as a career offender pursuant to U.S.S.G. § 4B1.1. Calhoun does not contend that his two prior felony drug convictions fail to meet the requirements necessary to apply U.S.S.G. § 4B1.1.

At the beginning of the *Booker* re-sentencing hearing on August 1, 2005, the Court directly asked Calhoun whether he contested the validity of his prior felony drug convictions set forth in the PSR and Calhoun answered, "No, sir." Calhoun had the opportunity but chose not to challenge the validity of his two prior felony drug convictions. Calhoun waived his right to challenge the validity of his prior convictions. This severely undercuts and casts great doubt on the veracity of Calhoun's

claim that he allegedly requested his counsel to make such a challenge.

Even if we assume *arguendo* that Calhoun requested or instructed his counsel to challenge the validity of his two prior felony drug convictions, defense counsel was not ineffective for failing or refusing to do so. Any such argument by defense counsel would have been denied by this Court as frivolous. Calhoun's career offender predicate convictions occurred in December, 1995, and January, 1996, which is more than five years prior to this federal criminal proceeding.

21 U.S.C. § 851(e) provides: "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e) barred and precluded Calhoun from challenging the validity of his two prior felony drug convictions when he was sentenced by this Court. *United States v. Craft*, 495 F.3d 259, 265 (6th Cir. 2007); *Wright v. United States*, 238 F.3d 426 (Table, text in 2000 WL 1827861, * 2 (6th Cir. Dec. 8, 2000). Any failure on the part of Calhoun's counsel to challenge the validity of the two prior felony drug convictions cannot be ineffective assistance of counsel. Counsel is not ineffective if he fails or refuses to make frivolous arguments. *Richards*, 76 Fed. Appx. at 600; *Chapman*, 74 Fed. Appx. at 593; *Wright*, 2000 WL 1827861, at * 2; *Krist*, 804 F.2d at 446-47.

## IV. Conclusion

After reviewing the record, the Court concludes that Ivan Calhoun has not met his burden of showing that he is entitled to relief under 28 U.S.C. § 2255. Calhoun has not established an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. Moreover, Calhoun has not established that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of his right to due process of law.

Accordingly, Calhoun's motion for post-conviction relief under 28 U.S.C. § 2255 will be **DENIED and DISMISSED WITH PREJUDICE**. The Court finds that Calhoun has failed to make a substantial showing of the denial of a federal constitutional right. If Calhoun files a notice of appeal it will be treated as an application for certificate of appealability which shall be **DENIED** pursuant to 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b).

A separate judgment will enter.

ENTER this the 13th day of May, 2010.

                                      */s/ R. Allan Edgar*
                                    R. ALLAN EDGAR
                         UNITED STATES DISTRICT JUDGE